

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:05-CR-36(1)** |
| | § | |
| **MERKIS SEDIS CASADO** | § | |

**FINDINGS OF FACT**
**AND ORDER OF DETENTION**

  Pursuant to referral by the District Court under 28 U.S.C. § 636, on April 19, 2005, this matter came before the undersigned for a detention hearing. The undersigned United States Magistrate conducted a hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of Defendant as required by the Court and the safety of the community. The Court has taken into account the available information concerning the factors to be considered under 18 U.S.C. § 3142(g) and concludes that Defendant should be detained.

**A.  Charges Pending**

Defendant Merkis Sedis Casado is charged in the first count of a two count Indictment returned by a federal grand jury in the Eastern District of Texas [Clerk's doc. #1].  Count One charges that from a time beginning on or about May 3, 2003, and continuing thereafter until on or about July 12, 2003, in the Eastern District of Texas, and elsewhere, Merkis Sedis Casado, and a sealed defendant, Defendants herein, did knowingly conspire, combine, confederate, and agree with persons known and unknown to the Grand Jury, to possess with  intent to distribute cocaine, a Schedule II controlled substance, in an amount of 5 kilograms or more, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

If convicted on Count One, Mr. Casado faces a minimum of ten years but no more that life imprisonment.  *See Notice of Penalty*.

**B.  Factors to Be Considered Under 18 U.S.C. § 3142(g) and Hearing**

Title 18, United States Code, Section 3142(g) sets forth the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and will also assure the safety of any other person and the community.  Thus, for the Court to release Defendant from custody pending trial, conditions of release must be established which both assure Defendant's appearance AND the safety of the community.   The Section 3142(g) factors to be considered include (1) the nature and circumstances of the offense charged, (2) the evidence presented and the weight of evidence against the person, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of

the danger to any person or the community that would be posed by the person's release.

Under the Bail Reform Act, the Court may only enter an order of detention following a hearing.  The Government's right to a detention hearing exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation or a prospective witness or juror.  18 U.S.C. § 3142(f). The government accordingly filed its motion for detention in this case on April 15, 2005 [Clerk's doc. #7].

As stated *supra*, Defendant is charged with an offense for which a maximum term of imprisonment of ten years to life is prescribed by the Controlled Substances Act. *See Notice of Penalty*.  Because Defendant has been charged by indictment with violating Title 21, United States Code, Sections 841(a)(1) and 846, under 18 U.S.C. § 3142(e) a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community.

The presumption shifts to Defendant only as to the burden of producing rebutting evidence, not the burden of persuasion.  However, the presumption is not a mere "bursting bubble" that totally disappears from consideration after Defendant comes forward with evidence. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).  Congress intended that the presumption remain in the case as a factor to be

considered by the Court. *Id.* Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the Court may still consider the finding by Congress that certain offenders pose a special risk of flight and dangerousness to society.

However, the Court cannot rely solely upon the nature of the charges and the rebuttable presumption. *See United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir. 1988). The Court shall take into account the available information as to the weight of the evidence and consider the other listed factors under 18 U.S.C. § 3142(g). *Id.* The statute thus creates an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance. *Id.* at 799.

### C. Statement of Reasons for Detention

At the hearing, the Court offered the information contained within the Pretrial Services Report prepared by the United States Probation Office into the record. The defendant also presented the sworn testimony of several witnesses: Lourdes Soler, Alena Lopez, an ex-girlfriend, and Irma Pineda, his current girlfriend. He also testified on his own behalf.

In support of its request that the Court detain Mr. Casado, and relying on the presumption established by Section 3142, the government presented the testimony of Rick Erickson, a Special Agent with the Drug Enforcement Administration (DEA). For the sake of brevity, the Court fully incorporates the testimony of the witnesses and the evidence presented in support of its findings made herein. Said evidence is set out in the record of the detention hearing and the Pretrial Services Report.

Defendant's criminal record is relevant for consideration as to his history and characteristics. *See* 18 U.S.C. § 3142(g)(3)(A). The Pretrial Services report only reflects one charged crime in 2000, for possession of marijuana, the disposition of which is unknown.

Also related to the history and characteristics of the defendant, the Court notes that Mr. Casado is a legal resident, not a citizen, of the United States and that his girlfriend, with whom he lives, is also not a United States citizen. The evidence shows that Mr. Casado travels to and from the Dominican Republic and his only family ties are in the Dominican Republic and Puerto Rico. He also has worked in Puerto Rico for several years and was born in Puerto Rico. Most significantly, the Bureau of Immigration and Customs Enforcement indicated to the United States Probation Office that it may seek deportation if Mr. Casado is convicted of the instant offense. He offered no evidence of his ties to the Eastern District of Texas.

Mr. Casado also stated that he has left the United States recently on numerous occasions. However, government evidence indicates that Mr. Casado has only left the United States once in recent years. The government contends, and the Court agrees, that this evidence suggests that Mr. Casado may have traveled under an assumed name. The culmination of this evidence strongly suggests that Mr. Casado presents a flight risk.

The government therefore carried its burden in persuading the Court that Defendant presents a flight risk by a preponderance of the evidence. It is therefore Defendant's burden of rebuttal to present evidence establishing that conditions existed under which he could be released. The Court appreciates the witnesses appearing and

testifying on behalf of Mr. Casado.  However, the evidence presented does not persuade the Court that Mr. Casado has rebutted the presumption that he would present a flight risk if released. In fact, in light of Mr. Casado facing deportation, the possibility of life imprisonment, and significant ties to the Dominican Republic and Puerto Rico compared with little ties to Texas, the Court concludes that there are no conditions of release which would assure that Mr. Casado will not flee the jurisdiction. Further, the Court finds that the third-party custodian suggested, Ms. Pineda, could not adequately assure the appearance of Mr. Casado.

The facts presented accordingly convince the Court that Defendant has not sufficiently rebutted the presumption that a flight risk exists.  The Court therefore finds that no condition or combination of conditions exist which would reasonably assure the appearance of Mr. Casado if he were released.  Having found that the government carried its burden on this prong of the Section 3142 analysis, the Court concludes that Mr. Casado must be detained because he presents a risk of flight.  Therefore, the Court need not analyze whether he presents a danger to the community under Section 3142.

### D.  Order and Directions Regarding Detention

The Court accordingly finds that Defendant shall remain detained pursuant to 18 U.S.C. § 3142.  The Court **ORDERS** that the Government's *Motion for a Detention Hearing* [Clerk's doc. #7] is **TERMINATED** because the Court held the detention hearing, and; it is further **ORDERED** that, for the reasons stated herein, the Court finds that no condition or combination of conditions exist which would reasonably assure the appearance of Mr. Casado**.**  Mr.Casado shall therefore be **DETAINED** and held in federal custody pending trial.  The United States Marshals service is ordered to deliver

Defendant for all appearances in connection with the court proceedings in this criminal action. In accordance with the Bail Reform Act, the undersigned further holds that Defendant should be afforded reasonable opportunity for private consultation with his counsel.

It is so ordered.

**SIGNED this the 21st day of April, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE